**FILED**
December 27, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____DT_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | **Case No: EP:23-CR-02512-KC** |
| Plaintiff, | § § | **SEALED** |
| | § | **INDICTMENT** |
| v. | § § | CT 1: 18 U.S.C. § 933(a)(1), (a)(3), and (b) – Trafficking in Firearms |
| YOSELLYN ORTIZ, | § § § | CT 2: 18 U.S.C. § 932(b)(1) and (c)(1)) – Straw Purchasing of Firearms |
| Defendant. | § § § § | *Notice of Government's Demand for Forfeiture* |

**INTRODUCTION**

At all relevant times during this Indictment, Title 18, United States Code, Section 923(g)(1)(A) required all Federal Firearms Licensees to keep accurate records of importation, production, shipment, receipt of sale or other disposition of firearms at the place of business. One of the records Federal Firearms Licensees (FFLs) are required to keep is the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Firearm Transaction Record (Form 4473). The ATF Form 4473 requires the Buyer of the firearm to fill out Section B, which requires the Buyer's full name, address, date of birth, and other identifying information. Additionally, Question 21a on the Form 4473 asks whether the person completing the form is the "actual transferee/buyer of the firearm(s) listed on the form." The question also includes a warning that "[y]ou are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."

Additionally, the purchaser's certification, documented with a signature in block "22," of the Form 4473, explicitly states that making any false oral or written statement, or exhibiting any

false or misrepresented identification with respect to this transaction is a crime punishable as a felony under Federal Law.

THE GRAND JURY CHARGES:

**COUNT ONE**
**(18 U.S.C. § 933(a)(1), (a)(3) and (b) – Trafficking in Firearms)**

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

That on or about October 6, 2023, and continuing until on or about October 18, 2023, within the Western District of Texas, and elsewhere, the Defendant,

**YOSELLYN ORTIZ**,

did knowingly and willfully combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to commit offenses against the United States, namely: to ship, transport, transfer, cause to be transported, or otherwise dispose of firearms to another person, including but not limited to the following:

(1) a Glock, model 17, 9mm handgun;

(2) a Glock, model 44, .22 caliber handgun;

(3) an Umarex/Beretta, model 92FSR, .22 caliber handgun;

(4) a Glock, model 43X, 9mm handgun;

(5) a Glock, model G48 MOS, 9mm handgun;

(6) a Glock, model 17, 9mm handgun;

(7) a Glock, model 17Gen3, 9mm handgun;

(8) a Glock, model 17Gen4, 9mm handgun;

(9) a Taurus, model TX22, .22 caliber handgun;

(10)     a Glock, model 44, .22 caliber handgun;

(11)    a Smith & Wesson, model M&P9, 9mm handgun;

(12)    a Smith & Wesson, model M&P9, 9mm handgun;

(13)    a Glock, model G44, .22 caliber handgun;

(14)    a Glock, model 43X, 9mm handgun; and

(15)    a Glock, model 44, .22 caliber handgun;

in or otherwise affecting interstate or foreign commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, all in violation of Title 18, United States Code, Section 933(a)(1), (a)(3) and (b).

## COUNT TWO
### (18 U.S.C. § 932(b)(1) and (c)(1)) – Straw Purchasing of Firearms)

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

Beginning on or about October 6, 2023, and continuing until on or about October 18, 2023, in the Western District of Texas, Defendant,

**YOSELLYN ORTIZ,**

did knowingly purchase firearms, to wit:

(1) a Glock, model 17, 9mm handgun;

(2) a Glock, model 44, .22 caliber handgun;

(3) an Umarex/Beretta, model 92FSR, .22 caliber handgun;

(4) a Glock, model 43X, 9mm handgun;

(5) a Glock, model G48 MOS, 9mm handgun;

(6) a Glock, model 17, 9mm handgun;

(7) a Glock, model 17Gen3, 9mm handgun;

(8) a Glock, model 17Gen4, 9mm handgun;

3

(9) a Taurus, model TX22, .22 caliber handgun;

(10) a Glock, model 44, .22 caliber handgun;

(11) a Smith & Wesson, model M&P9, 9mm handgun;

(12) a Smith & Wesson, model M&P9, 9mm handgun;

(13) a Glock, model G44, .22 caliber handgun;

(14) a Glock, model 43X, 9mm handgun; and

(15) a Glock, model 44, .22 caliber handgun;

in or otherwise affecting interstate or foreign commerce, for, on behalf of, or at the request or demand of any other person, knowing or having reasonable cause to believe that such other person intended to use, carry, possess, or sell or otherwise dispose of the firearms in furtherance of a felony, to wit: exporting the firearms to Mexico without a license in violation of Title 18, United States Code, Section 554, all in violation of Title 18, United States Code, Section 932(b)(1), and (c)(1)).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Trafficking and Straw Purchasing of Firearms Violations and Forfeiture Statutes
[Title 18 U.S.C. §§ 932(b)(1), (c)(1) and 933(a)(1), (a)(3) and (b), subject to forfeiture pursuant to Title 18 U.S.C. §§ 934(a)(1)(A) and (B)]

As a result of the foregoing criminal violations set forth in Counts One and Two, the United States of America gives notice to Defendant **YOSELLYN ORTIZ** of its intent to seek the forfeiture of certain property upon conviction and pursuant to FED. R. CRIM. P. 32.2, Title 18 U.S.C. § 934(a)(1)(A) and (B), which state:

4

**Title 18 U.S.C. § 934. Forfeiture**

**(a) Forfeiture.**
 **(1) In General.**—Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—
> **(A)** any property, constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
> **(B)** any of the person's property used, or intended to be used, in any manner o part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.

## II.
## Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth above for which Defendant **YOSELLYN ORTIZ** is solely liable.

## Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

a.  cannot be located upon the exercise of due diligence;
b.  has been transferred or sold to, or deposited with, a third party;
c.  has been placed beyond the jurisdiction of the court;
d.  has been substantially diminished in value; or
e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

███████████████

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
Assistant United States Attorney